### ESTATE OF A. MOGAN.

No. 5567—Jan. 25, 1875.

SPECIFIC DEVISES, TAXES AND ASSESSMENTS UPON.—DEVISEE SHOULD ASSUME AND PAY THEM ULTIMATELY; BUT PENDING ADMINISTRATION, EXECUTOR SHOULD PAY THEM AND BE REIMBURSED BEFORE DISTRIBUTION.

Certain parcels of real estate had been specifically devised. During administration, executor had satisfied all taxes and assessments upon the several parcels.

HELD, that the devisees should reimburse him for the outlay. In the event of their failure to do so, executor would be entitled to an order of sale of the property devised to satisfy his claim.

Construing section, C. C. P., 1669.

*J. M. Burnett*, for the executor.

*George & Loughborough*, for the devisees.

Testator made the following devises:

1—To Mary Mogan, a tract of land;

2—To Annie Kearney, Mary Kearney, and Agnes Kearney, a house and lot;

3—To Richard Mogan, a lot;

4—To Annie Kearney, a lot;

5—To Joseph Mogan, testator's interest in a City Hall lot;

6—To Richard Mullan and Patrick Mogan, testator's interest in a lot;

7—To John Kearney, a lot.

8—To Joseph Kearney, a lot.

The will directs that the money in bank in the name of Joseph and testator is to pay the last instalment on the City Hall lot; and also says:

"If my brother Joseph will pay all my debts, funeral expenses, costs and charges of administration, he shall have all my interest in the stock, trade, good will and assets of the firm of A. Mogan & Co., and I bequeath the same to him on that condition. If he will not do so, my said interest is to be sold, the bills collected, and the balance after payment of all such debts, charges and expenses, to be paid over to him. It is my intention that the real estate herein devised shall be free from any debts and charges, if my personal estate is sufficient to pay them.

Joseph Mogan is executor.

The real estate was appraised at $13,200, the money in bank at $1,529.71, and the partnership interest at $795.94. There is no other estate. The executor, Joseph Mogan, elected to take under the will, and has paid the debts and the expenses of administration, which amount to more than the value of the property bequeathed to him. He has also paid taxes and street assessments which have accrued upon the real estate during administration.

Upon this state of facts, the devisees claim distribution free from the amounts paid for taxes and street assessments, while the executor claims that he should be reimbursed therefor.

Title to real estate devised passes by the will and takes effect at the death of the testator, subject only to the burden of administration; though the executor may remain in possession and collect rents; he is bound to pay taxes, and might be liable as for *devastavit* if he should not pay them.

Under this will, Joseph Mogan was bound to pay, out of the personalty, the debts of the deceased and the expenses and charges of administration. The taxes were neither. Each parcel of real estate should bear its own burden. The account should be stated in such a manner as to specify the amount paid for taxes (including the street assessment) upon each parcel, and upon the payment by the devisees respectively to the executor of the amounts so specified, the estate may be distributed according to the terms of the will. In case of refusal to pay, the executor will have his remedy by application for sale.